THOMPSON, J.
 

 This is an application for a mandamus to compel the tax collector to accept the sum of $11,175.33 state, parish, and other taxes on an assessment for the year 1928 as reduced and fixed by the state tax commission.
 

 The tax collector refused to accept the taxes when tendered, basing his refusal on the fact that the assessment roll had been filed with him before said reduction; that he was charged under the law with the taxes on the assessment roll as so filed and had not been authorized to reduce the assessment by the state auditor.
 

 On a hearing the district judge ordered the mandamus made peremptory, and from that judgment the tax collector has appealed.
 

 It is conceded,' or at least is not disputed, that the reduction of plaintiff’s assessment for
 
 *254
 
 the year 1928 was made in order that the valuation might be equal and uniform with' the valuation placed on like property of two other mining companies in said parish.
 

 It is also a fact that the change was made by the tax commission after the rolls had been filed with the respective officers designated by law.
 

 The instruction given to the tax collector in this instant was dated December 20, 1928, and a copy was sent to the state auditor.
 

 The tax collector admits having received the order from the commission.
 

 The Legislature by Act No. 140 of 1916 created a board of state affairs and invested that board with the power and authority to assess for1 state purposes all taxable property throughout the state and to fix and equalize the value of all property for state taxes. The board was authorized to require the assessors to extend on the assessment roll the actual cash value as fixed by said state board of affairs.
 

 In 1918 the Legislature by Act No. 120 enlarged as it were the powers- of the board and specifically authorized it to correct and to-change the assessment of public service corporations, or other property owner, even after the assessment rolls had been approved and filed, to the end that such assessments might conform to the true facts.1
 

 Section 2 of that act declares that in order to correct or. change any such assessment, it shall only be necessary for the board to issue instructions to the assessor to make the change upon the assessment roll, and in the event the roll has been delivered to the tax collector, then to direct that officer to make such change upon the roll in his possession and to collect the taxes according to such change. A copy of such instructions is -required to be furnished the state auditor for his guidance.
 

 Section
 
 4
 
 of the act expressly provides that the written instructions to the tax collector shall authorize him to collect the taxes accordr ing to such change and to make the necessary deduction or increase on his roll and in his settlement with the auditor.
 

 The Constitution of 1921 (article 10, § 2) changed the name of the state board of affairs to the Louisiana tax commission, but this change in name did not affect the powers which had been vested in the board of state affairs.
 

 On the contrary, it was expressly provided by the Constitution that the state tax commission .shall exercise such authority in respect to -assessment, taxation, etc., as was then or thereafter may be prescribed by law.
 

 It is obvious therefore that the present tax commission was authorized to make the reduction in plaintiff’s assessment after the roll had ■been filed, and the tax collector was without legal justification on refusing to comply with the order of the tax commission on the ground that the state auditor had not authorized the reduction.
 

 The statute is mandatory on the tax collector and he has no discretion in the matter.
 

 He is protected by the statute and by the order of the tax commission.
 

 In brief of counsel for defendant it is stated that if the tax commission could, after the roll was filed, change the amount of taxes to be paid to the different subdivisions of the state, the tax-collector would be in a position where he would never feel safe in the collection of taxes after the rolls have been approved and turned over to him.
 

 The argument is without force in view of our conclusion that the tax collector is made safe in complying with the orders of the commission by the express terms of the statute.
 

 
 *256
 
 It may be, in view of tbe provisions of tbe statute and of the first paragraph of section 1 of article 10 of the Constitution of 1921 and the constitutional amendment adopted November 2, 1926, being Act No. 162 of the legislative session of 1926, that the taxing authorities of the local subdivisions have the right to adopt a percentage of the valuation made by the state tax commission for state purposes, as a valuation for purposes of local taxation, and that the tax commission cannot change it, but we. are not called upon to decide that question and do not decide it in this case.
 

 Neither the parish of Iberia nor any local subdivision of that parish is before the court questioning the authority of the state tax commission to reduce an assessment for purposes of local taxation.
 

 Nor does the tax collector in this case make any such defense. The sole defense is, as stated, that the tax collector cannot be forced to make a reduction on the roll filed with him unless the order for the reduction comes from the state auditor.
 

 For reasons assigned, the judgment appealed from is affirmed.